IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES SNEED JR.,

    Plaintiff,

v.                                           No. CV 12-0732 JH/KBM

DR. STEPHEN VAUGHN,

    Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(d), (e)(2) and rule 4(c), (d) of the Federal Rules of Civil Procedure, for further consideration of Plaintiff's Prisoner's Civil Rights Complaint. This is Plaintiff's second complaint for denial of medical treatment in 2010. For reasons set out below, the Court will dismiss the complaint.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See*

*Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff, who is in the custody of the New Mexico Corrections Department, alleges that he is a renal patient undergoing dialysis three times per week and has been denied necessary medical treatment. In his previous action, *Sneed v. State of New Mexico*, No. CV 10-1194 JP/GBW (Doc. 10), Plaintiff alleged that, in 2010, he was denied necessary medical treatment. The complaint did not name Defendant Vaughn. In that action, Plaintiff asked to be released for a transplant procedure in Texas and for after-care. The Court found that this relief had been denied by the state court in Plaintiff's criminal proceeding. The Court, in turn, dismissed Plaintiff's claim for equitable relief with prejudice as prohibited by the Anti-Injunction Act, 28 U.S.C. § 2283. The Court also dismissed Plaintiff's claim for damages with prejudice because his allegations did not state a claim for relief against a named Defendant. When Plaintiff failed to file an amended complaint, the Court dismissed the case without prejudice.

In the instant complaint, Plaintiff now names Dr. Vaughn as Defendant and identifies him as the Corrections Department's medical director. The complaint asserts the same claims of allegedly unconstitutional treatment in 2010 that were raised in the earlier action. For relief, Plaintiff asks to be allowed to have a kidney transplant and awarded damages. By order entered on February 7, 2013, the Court directed the U.S. Marshals Service to serve the complaint on Defendant Vaughn at the Corrections Department's administrative office, as indicated by Plaintiff. The Marshal attempted service and then filed its return of service unexecuted (Doc. 14), with a notation that Defendant Vaughn is no longer employed and indicating no forwarding address. Subsequently, Plaintiff filed a letter (Doc. 16) stating that Defendant's current address is at a private correctional facility in Milan, New Mexico.

It is assumed for purposes of this order that the doctrine of res judicata does not bar

Plaintiff's claims against Defendant Vaughn. *Compare Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993) (allowing damages claim after dismissal of injunctive claim), *with Overton v. United States*, 48 F. App'x 295, 301 (10th Cir. 2002) (requiring all claims be brought in first action). Nonetheless, no relief is available on Plaintiff's allegations against Dr. Vaughn. As noted above, all of Plaintiff's allegations and the exhibits attached to the complaint pre-date the earlier complaint in cause No. CV 10-1194 JP/GBW.

Injunctive relief on these claims against Dr. Vaughn is barred, first, because the Court dismissed Plaintiff's earlier claim for injunctive relief based on the state court's order in the criminal case denying such relief. In other words, the dismissal of the injunction claim was not based on a failure to name a proper party. And second, because Defendant Vaughn is no longer a Corrections Department official, no relief is available on Plaintiff's claim against him for injunctive relief, and the claim is therefore moot. *See Transwestern Pipeline v. FERC*, 897 F.2d 570, 575 (D.C. Cir. 1990) (citation omitted), *quoted in Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2012); *and see Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994).

For the same underlying reasons, no relief is available on Plaintiff's damages claims against Defendant Vaughn. Under the state court ruling in the criminal matter, Vaughn had no authority to release Plaintiff from custody for an out-of-state transplant operation. Furthermore, it is clear from the exhibits attached to Plaintiff's complaint that Defendant Vaughn was actually attempting to facilitate and not prevent the surgical option. More significantly, the complaint contains no plausible allegation that a transplant was required. "This disagreement [over medical decisions] does not give rise to a claim for deliberate indifference to serious medical needs." *Free v. Unknown Officers of the Bureau of Prisons*, 103 F. App'x 334, 337 (10th Cir. 2004). Under the Supreme Court's plausibility standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

3

(2007), Plaintiff's allegations against Defendant Vaughn fail to state a claim for damages. The Court will dismiss Plaintiff's complaint.

    IT IS THEREFORE ORDERED that Plaintiff's Prisoner's Civil Rights Complaint is DISMISSED with prejudice, and judgment will be entered.

                                                                  _____
UNITED STATES DISTRICT JUDGE